■ In the Matter of TROYE WATSON, Appellant, v O. PAUL SHEW et al., Respondents. [723 NYS2d 77] —In a proceeding pur-

suant to CPLR article 78 to review a determination of the respondents terminating the petitioner's employment, allegedly in violation of a Stipulation of Agreement between the parties executed on July 19, 1999, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered June 21, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed by the respondent Village of Ossining as a laborer. In July 1999, disciplinary charges were filed against him based, in part, on his poor attendance. He subsequently entered into a stipulation of agreement with the respondents, settling the charges. Pursuant to the stipulation, the petitioner agreed that for a period of 18 months he would not, among other things, "have any unexcused absences from work." Any violation of the agreement by the petitioner would result in his dismissal, and the petitioner waived his rights under Civil Service Law § 75 with respect to any act which violated the agreement. In October 1999, the respondent O. Paul Shew, the Village Manager of the Village of Ossining, terminated the petitioner's employment based on a report from the petitioner's supervisor that he had left work without permission on October 19, 1999. The petitioner then commenced this CPLR article 78 proceeding seeking reinstatement and related relief. The Supreme Court denied the petition and dismissed the proceeding.

We agree with the Supreme Court that the decision to terminate the petitioner's employment was not arbitrary or capricious. There was a rational basis for Shew's determination that the petitioner had violated the stipulation. Contrary to the petitioner's contention, pursuant to the stipulation, he waived his right to a disciplinary hearing (see, Montiel v Kiley, 147 AD2d 402). By seeking a judicial hearing regarding his termination, the petitioner is attempting to circumvent that waiver. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.