■ In the Matter of ROBERT SPATA, Respondent, v HAROLD O. LEVY, Appellant. [761 NYS2d 859] —In a proceeding pursuant to CPLR article 78 to compel the appellant to remove the petitioner's name from the ineligible/inquiry list, Harold O. Levy, as Chancellor of the Board of Education of the City of New York, appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Harkavy, J.), dated January 15, 2002, which granted the petition and denied his cross motion to dismiss the proceeding, and (2) an order of the same court dated November 27, 2002, which denied his motion for leave to renew.

Ordered that the order is reversed, on the law, the motion for leave to renew is granted, and upon renewal, the order and judgment is vacated, the cross motion is granted, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appeal from the order and judgment is dismissed as academic in light of our determination of the appeal from the order; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petitioner, a licensed school teacher and principal, was employed by the New York City Board of Education (hereinafter the Board) from 1965 until his retirement on July 1, 2001. Throughout his employment, the petitioner supplemented his income by engaging in "per session activities." Per session activities included work during the summer and after school, as well as work in various athletic and nonathletic programs. In January 2001 the petitioner was notified by letter that he was being placed on the ineligible/inquiry list because the Board's Office of Legal Services intended to serve him with disciplinary charges. The letter further stated that the petitioner's name would remain on the list until his case was "cleared" and thus he would be unable to apply for work in any per session activity. On March 14, 2001, the petitioner entered into a precharge stipulation with the Board whereby it was agreed, inter alia, that he would file an "irrevocable retirement" on or before September 4, 2001, and the Board would "forebear from bringing charges based on any conduct or condition alleged to have occurred." In August 2001 the petitioner commenced this proceeding seeking removal of his name from the ineligible/inquiry list.

The appellant cross-moved to dismiss the proceeding. The Supreme Court denied the cross motion and granted the petition. The appellant then moved for leave to renew and submitted an affidavit by an employee (hereinafter the affidavit) indicating that the list was not published and that it was

only for internal use within the New York City school system. The appellant's motion for leave to renew was also denied. We reverse.

The Supreme Court erred in denying the appellant's motion for leave to renew. Since the petitioner never argued that the retention of his name on the list would prevent him from finding employment in the private sector or in public schools located outside New York City, the appellant was reasonably justified in failing to submit the affidavit on his original cross motion (*see Granato v Waldbaum's, Inc.*, 289 AD2d 289 [2001]).

Moreover, the initial placement of the petitioner's name on the ineligible/inquiry list was not arbitrary or capricious since he was then the subject of possible disciplinary action. The retention of his name on this list also was not arbitrary or capricious inasmuch as the stipulation provided that the petitioner would "irrevocabl[y]" retire, and made no mention of allowing him to perform postretirement per session work (*see generally Hassildine v Mattituck-Cutchogue Union Free School Dist.*, 225 AD2d 623 [1996]).

In light of our determination, we need not reach the appellant's remaining contentions. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.