[985 NE2d 898, 962 NYS2d 587]

In the Matter of BRIAN WARD, Respondent, v CITY OF LONG BEACH, Appellant.

Argued January 2, 2013; decided February 14, 2013

## APPEARANCES OF COUNSEL

*Corey E. Klein, Corporation Counsel,* Long Beach (*Robert M. Agostisi* of counsel), for appellant.

*Law Offices of Louis D. Stober, Jr., L.L.C.,* Garden City (*Louis D. Stober, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Petitioner, a lieutenant in the City of Long Beach Fire Department, claimed to have suffered a work-related injury in October 2003. He filed for disability retirement with the State pursuant to Retirement and Social Security Law § 363-c. The State Comptroller granted that application and shortly thereafter petitioner retired from active duty. In May 2008, petitioner sought supplemental disability pension benefits from the City pursuant to General Municipal Law § 207-a. The Fire Commissioner denied the request, without explanation, and that determination was later upheld on appeal by the City's Corporation Counsel. Petitioner brought a CPLR article 78 proceeding, and Supreme Court annulled respondent's determination and directed respondent to pay petitioner the subject benefits. The Appellate Division affirmed.

In reviewing the City's determination—one that was made without a hearing—the issue is whether the action taken had a "rational basis" and was not "arbitrary and capricious" (*see e.g. Matter of Wooley v New York State Dept. of Correctional Servs.,* 15 NY3d 275, 280 [2010]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Peckham v Calogero,* 12 NY3d 424, 431 [2009]). If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable (*id.*).

The City's denial was based on statements made by petitioner's estranged wife in the midst of a divorce and Corporation

Counsel's personal observations of petitioner. Petitioner was given no notice of the allegations nor an opportunity to respond to them, despite the substantial contrary record evidence, including medical findings, that led to the approval of petitioner's application for disability benefits from the State. Under these circumstances, we agree with the Appellate Division that the City's justification for its denial lacks the requisite rational basis and is, therefore, arbitrary and capricious.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order affirmed, with costs, in a memorandum.