In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Health dated July 24, 2012, which, among other things, revoked the operating certificate of Park Manor Adult Home, the petitioners appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated October 24, 2012, which denied the petition and, in effect, dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The petitioners are the operators of Park Manor Adult Home *801 (hereinafter the Home), a licensed adult home with 55 residents located in Brooklyn. On or about May 24, 2011, the New York State Department of Health (hereinafter the DOH) initiated an administrative enforcement proceeding against the petitioners based upon numerous alleged statutory and regulatory violations found at the Home. A hearing was conducted before an administrative law judge; however, before the administrative law judge issued a hearing report and recommendations, the parties resolved the enforcement proceeding by entering into a “Stipulation and Order” (hereinafter the stipulation) dated March 19, 2012.
In the stipulation, the petitioners admitted that there was “substantial evidence” of the alleged violations and agreed to pay a civil penalty of $40,000. The terms of the stipulation required the petitioners to rectify the subject violations by completing nine separate tasks within certain time constraints. The stipulation also provided that, upon the DOH’s determination that the petitioners did not timely and substantially comply with the terms of the stipulation, the DOH, in its “sole discretion,” could, inter alia, revoke the petitioners’ operating certificate without first providing the petitioners with an evidentiary hearing. By letter dated July 24, 2012, the DOH revoked the operating certificate of the Home, citing the petitioners’ failure to substantially comply with the terms of the stipulation. The DOH also placed the Home on its “Do Not Refer List” pursuant to Social Services Law § 460-d (11). The petitioners commenced the instant proceeding pursuant to CPLR article 78, inter alia, to review the DOH’s determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding, and the petitioners appeal.
The agency determination under review was not made after a quasi-judicial evidentiary hearing. Thus, we review the determination under the standard set forth in CPLR 7803 (3), and consider only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion (see Ward v City of Long Beach, 20 NY3d 1042 [2013]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]). Under this standard, courts “examine whether the action taken by the agency has a rational basis” and will overturn that action only “where it is ‘taken without sound basis in reason’ or ‘regard to the facts’ ” (Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010], quoting Matter of Beckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of *802 Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]), or where it is “arbitrary and capricious” (Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d 1037, 1038 [2010]). Here, the Supreme Court correctly determined that the DOH’s determination was not arbitrary and capricious, because it was rationally based on the petitioners’ failure to substantially comply with their obligations under the stipulation (see Matter of Community Related Servs., Inc. v Carpenter-Palumbo, 84 AD3d 1450 [2011]; Matter of Lakeside Manor Home for Adults, Inc. v Novello, 43 AD3d 1057 [2007]; Matter of Dwyer v County of Suffolk, Sheriff’s Dept., 29 AD3d 904 [2006]; Matter of Spata v Levy, 306 AD2d 534 [2003]; Matter of Watson v Shew, 282 AD2d 467 [2001]; Matter of 47-40 41st Realty Corp. v New York State Div. of Hous. & Community Renewal, 225 AD2d 547 [1996]).
The petitioners’ contention that the penalty imposed by the DOH was an abuse of discretion is without merit. “Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law ... [A] penalty must be upheld unless it is ‘so disproportionate to the offense as to be shocking to one’s sense of fairness,’ thus constituting an abuse of discretion as a matter of law’ ’ (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974] [citations omitted]; see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]; CPLR 7803 [3]). Under the circumstances presented here, including the repeated and multiple violations found to exist at the Home, and in light of the fact that the stipulation specifically set forth that, in the DOH’s sole discretion, revocation of the operating certificate of the Home was a penalty that could be imposed, the penalty imposed was not so disproportionate to the petitioners’ offense as to be shocking to one’s sense of fairness (see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648 [2013]; Matter of Community Related Servs., Inc. v Carpenter-Palumbo, 84 AD3d at 1455; Matter of Occhiogrosso v New York State Off. of Children & Family Servs., 72 AD3d 1092 [2010]; cf. Uzzillia v Commissioner of Health of State of N.Y., 47 AD2d 492 [1975]).
The petitioners’ remaining contentions are improperly raised for the first time on appeal. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.