Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Office of Victim Services dated August 30, 2011, as affirmed a decision of the New York State Crime Victims Board which, upon granting the petitioner’s application for an award of funeral expenses, reduced the award by 50%.
Adjudged that the petition is granted, with costs, and so much of the determination dated August 30, 2011, as affirmed the decision of the New York State Crime Victims Board reducing the award by 50% is annulled.
The petitioner commenced the instant proceeding pursuant to CPLR article 78 in the Supreme Court, Kings County, to review so much of a determination of the New York State Office of Victim Services (hereinafter OVS), as affirmed a decision of the New York State Crime Victims Board which, upon granting her application for an award of funeral expenses, reduced the award by 50%. In an order dated March 2, 2012, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).
The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g), since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (see CPLR 7803 [4]; Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Jacoby Real Prop., LLC v Malcarne, 96 AD3d 747 [2012]; Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead, 87 AD3d 1066, 1067-1068 [2011]). Accordingly, the determination is not subject to substantial evidence review. Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding *798 on the merits (see Matter of Jacoby Real Prop., LLC v Malcarne, 96 AD3d at 747; Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead, 87 AD3d at 1067-1068).
The applicable standard of review is whether the “determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; see Matter of Halpert v Shah, 107 AD3d 800 [2013]). Under this standard, courts “examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts ... or where it is arbitrary and capricious” (Matter of Halpert v Shah, 107 AD3d at 801-802 [internal quotation marks and citations omitted]; see Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013]; Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010]).
Here, the record establishes that the petitioner’s son was the victim of homicide, and the perpetrator was apprehended and prosecuted. The petitioner sought reimbursement for her son’s funeral expenses in the amount of $6,000 (see Executive Law §§ 624, 631 [2]). Upon determining that the petitioner was eligible to receive reimbursement for the funeral expenses, the New York State Crime Victims Board granted the award, but reduced it by 50% on the ground that “the victim engaged in conduct contributing to the crime or criminal injury” (9 NYCRR 525.6 [b]). The OVS affirmed that decision, and the petitioner challenges that determination.
Applicable regulations define “[c]onduct contributing” as “culpable conduct logically and rationally related to the crime by which the victim was victimized and contributing to the injury suffered by the victim” (9 NYCRR 525.3 [b]). The administrative record of the OVS’s investigation does not support the determination that the victim’s conduct was “logically and rationally related” to the subject homicide. The documentary evidence included the felony complaint, death certificate, medical records, and autopsy report. The investigation conducted by the OVS also included discussions with two police detectives, who informed the OVS that the victim was known to the police department as an illegal drug dealer, and that the autopsy report included a finding of illicit narcotics secreted on the victim. However, the autopsy report contained no reference to narcotics secreted on the victim. Nor did the hospital record contain any reference to narcotics secreted on the victim. The felony complaint alleged that, on the day before the homicide, the perpetrator assaulted the victim with a sharp-bladed instru *799 ment, and the next day, at a different location, shot the victim with a firearm. The felony complaint contained no reference to narcotics activity associated with either of these assaults.
In any event, contrary to the OVS’s contention, general knowledge that narcotics sellers are subject to a greater risk of being violently murdered is not sufficient to supply a record-based relationship between the subject homicide and the victim’s alleged conduct. Under the particular circumstances of this case, the OVS’s determination affirming the decision reducing the petitioner’s award by 50% based upon a finding that the victim engaged in culpable conduct “logically and rationally related to the crime by which the victim was victimized” (9 NYCRR 525.3 [b]) was “taken without sound basis in reason or regard to the facts” (Matter of Halpert v Shah, 107 AD3d at 801 [internal quotation marks omitted]). Dillon, J.P. Angiolillo, Leventhal and Lott, JJ., concur.