■ In the Matter of WILLIE KIRKPATRICK, Respondent, v MATHEW WAMBUA, as Commissioner of the Department of Housing Preservation and Development, et al., Appellants, et al., Respondent. [985 NYS2d 151]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development dated January 20, 2011, calculating the petitioner's share of rent under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f), Mathew Wambua, as Commissioner of the New York City Department of Housing Preservation and Development, and the New York City Department of Housing Preservation and Development appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 27, 2012, which granted the petition and annulled the determination to the extent of remitting the matter to the New York City Department of Housing Preservation and Development and directing it to recalculate the petitioner's share of rent retroactive to the issuance to him of an enhanced voucher under Section 8 of the United States Housing Act of 1937, and to tender to Tivoli Associates retroactive payments for the difference in the share of rent of the New York City Department of Housing Preservation and Development since the issuance of the enhanced voucher.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is denied, and the determination is confirmed.

Where, as here, the agency determination under review was not made after a quasi-judicial evidentiary hearing, "we review

the determination under the standard set forth in CPLR 7803 (3), and consider only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion" (*Matter of Halpert v Shah*, 107 AD3d 800, 801 [2013]; *see Ward v City of Long Beach*, 20 NY3d 1042 [2013]). "Under this standard, courts examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts, or where it is arbitrary and capricious" (*Matter of Halpert v Shah*, 107 AD3d at 801-802 [citations and internal quotation marks omitted]). Here, the determination of the New York City Department of Housing Preservation and Development of the petitioner's share of rent under the enhanced Section 8 voucher was not arbitrary and capricious, and had a rational basis in the record (*see* CPLR 7803 [3]). The petitioner's contention that his income decreased to a significant extent during the relevant period so as to require that his share of the rent be recalculated is unsupported by the record, and his remaining contentions are without merit. Accordingly, we reverse the order, deny the petition, and confirm the determination. Eng, P.J., Miller, Hinds-Radix and Maltese, JJ., concur.