■ In the Matter of ACME Bus Corp., Appellant, v Orange County et al., Respondents. [5 NYS3d 231]—

In a proceeding pursuant to CPLR article 78 to review a determination of Orange County and the Orange County Department of General Services dated July 15, 2013, in effect, accepting the proposals of Quality Bus Service, LLC, and VW Trans, LLC, to provide bus transportation and awarding them contracts, the petitioner appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated August 13, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

"Where, as here, the agency determination under review was not made after a quasi-judicial evidentiary hearing, 'we review the determination under the standard set forth in CPLR 7803 (3), and consider only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion' " (*Matter of Kirkpatrick v Wambua*, 117 AD3d 739, 739-740 [2014], quoting *Matter of Halpert v Shah*, 107 AD3d 800, 801 [2013]). "Under this standard, courts examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts, or where it is arbitrary and capricious" (*Matter of Halpert v Shah*, 107 AD3d at 801-802 [citations and internal quotation marks omitted]). Here, the determination of Orange County and the Orange County Department of General Services (hereinafter together the County respondents), in effect, accepting the proposals of Quality Bus Service, LLC, and VW Trans, LLC, to provide bus transportation and awarding them contracts, instead of awarding a contract to the petitioner, was not arbitrary and capricious or lacking a rational basis in the record (*see Matter of Lopez v New York State Div. of Human Rights*, 122 AD3d 635 [2014]).

Contrary to the petitioner's assertions, the County respondents were not required to comply with Education Law § 305 (14) (f) prior to awarding bus transportation contracts. That section provides, in relevant part, that "[w]hen a board of education or a trustee of a school district elects to receive proposals submitted in response to a request for proposals, such board of education or trustee shall evaluate each proposal from a responding contractor according to criteria established

by the commissioner" (Education Law § 305 [14] [f]). Since, in this case, the request for proposals (hereinafter RFP) was issued by a municipality, and not by a school district, Education Law § 305 (14) (f) was inapplicable. The County respondents were also not required to comply with 8 NYCRR 156.12 prior to awarding the subject contracts. That section, which pertains to "[t]ransportation contracts awarded through a request for proposals" (id.), provides, in relevant part, that "[w]hen a board of education elects to award a contract through an evaluation of proposals in response to a request for proposals, such board of education shall evaluate each proposal from a responding contractor in accordance with [certain enumerated] criteria" (8 NYCRR 156.12 [b]). This section is also inapplicable to an RFP issued by municipalities.

Family Court Act § 236, which empowers the Family Court to make an order directing a county to provide for the necessary transportation of a child in need of special educational services who is within the jurisdiction of that court, is also inapplicable here because there was no order made by the Family Court concerning special education service expenses for a particular child.

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the petition and dismissed the CPLR article 78 proceeding. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.