█ In the Matter of Brian Pine, Appellant, v Westchester County Health Care Corporation et al., Respondents. [7 NYS3d 346]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondents dated March 12, 2013, which accepted the petitioner's previously tendered but undated letter of resignation, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered July 10, 2014, which denied the petition and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed as a Maintenance Mechanic III by the respondent Westchester County Health Care Corporation (hereinafter WCHCC). The respondent Michael D. Israel

was president and chief executive officer of WCHCC. On or about September 28, 2012, the petitioner and the respondents entered into a stipulation of agreement (hereinafter the agreement), wherein the petitioner acknowledged that he had previously exhibited misconduct and/or incompetence by reporting to work late on 22 occasions during a specified time period. The respondents agreed to forego commencing disciplinary proceedings, and in exchange, the petitioner agreed to tender an undated, irrevocable letter of resignation which would be held in escrow for six months. The agreement provided that if, during that six-month period, the petitioner committed four infractions of "lateness," as that term was defined in the agreement, the respondents could elect to accept the petitioner's letter of resignation. On March 4, 2013, Israel sent the petitioner a letter setting forth four alleged lateness infractions committed by the petitioner during the specified time period. Pursuant to the terms of the agreement, the petitioner was afforded the opportunity to respond, which he did by letter dated March 5, 2013. By letter dated March 12, 2013, Israel, after "careful review," elected to accept the petitioner's letter of resignation.

The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the respondents' determination to accept his letter of resignation. In the judgment appealed from, the Supreme Court found that the respondents' determination did not violate the terms of the agreement, and was not arbitrary, capricious, or an abuse of discretion. The petitioner appeals.

As a preliminary matter, contrary to the respondents' contention, under the plain language of the agreement, the petitioner did not waive judicial review of their determination (see generally Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]; Patsis v Nicolia, 120 AD3d 1326, 1327 [2014]).

The agency determination at issue here was not made following a quasi-judicial evidentiary hearing. Thus, we review the determination pursuant to the standard set forth in CPLR 7803 (3). As such, we consider "only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion" (Matter of Halpert v Shah, 107 AD3d 800, 801 [2013]; see CPLR 7803 [3]; Matter of Ward v City of Long Beach, 20 NY3d 1042 [2013]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]). "Under this standard, courts examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts, or where it is

arbitrary and capricious" (*Matter of Halpert v Shah*, 107 AD3d at 801-802 [citations and internal quotation marks omitted]; *see Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]; *Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]).

Here, contrary to the petitioner's contention, the respondents' determination that, during the relevant time period, he committed four infractions of "lateness," as that term was defined in the agreement, had a rational basis and was not arbitrary and capricious or an abuse of discretion. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding on the merits. Mastro, J.P., Roman, Dickerson and Maltese, JJ., concur.