■ In the Matter of SUFFOLK COUNTY ASSOCIATION OF MUNICIPAL EMPLOYEES, INC., Appellant, v STEVE LEVY et al., Respondents. [19 NYS3d 563]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Public Employees Deferred Compensation Board dated March 29, 2010, in effect, adopting a determination of the New York State Deferred Compensation Board that employees of Suffolk County Community College could no longer participate in the Suffolk County Public Employees Deferred Compensation Plan, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Asher, J.), dated July 9, 2013, which, upon, inter alia, a decision of the same court dated March 28, 2013, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner is a labor union representing employees of Suffolk County. Some of the petitioner's members work at Suffolk County Community College (hereinafter the College). Prior to 2010, the petitioner's members, including those at the College, had been permitted to participate in the Suffolk County Public Employees Deferred Compensation Plan (hereinafter the County Plan). The County Plan is administered by the Suffolk County Deferred Compensation Board (hereinafter the County Board). In 2009, the County and the College entered into a Sponsor Service Agreement and a Memorandum of Understanding of Procedures (hereinafter together the New Operating Agreement) governing the relationship between the two entities. The New Operating Agreement provided, inter alia, that the College and the County are independent entities and that neither entity's employees are to be deemed employees of the other entity.

Shortly thereafter, the County Board requested an opinion from the New York State Deferred Compensation Board (hereinafter the State Board) as to whether the College's employees continued to be eligible to participate in the County Plan. In its written response, the State Board noted that Internal Revenue Code § 457 permits a state, a political subdivision of a state, and any agency or instrumentality of a state or political subdivision of a state to establish and maintain an "eligible deferred compensation plan," but that

participation in such a plan must be limited to "only individuals who perform service for the employer" (26 USC § 457 [b] [1]). The State Board explained that a determination as to whether the College's employees could continue to participate in the County Plan depended upon whether the College was a department of the County or, alternatively, a separate employer. The State Board determined, primarily based upon the terms of the New Operating Agreement, that the County and the College were separate and distinct employers and, therefore, the College's employees could no longer participate in the County Plan. The County Board, in effect, adopted the State Board's determination and, in a letter dated March 29, 2010, informed the College's employees that they could no longer participate in the County Plan. The petitioner then commenced this CPLR article 78 proceeding challenging the County Board's determination, in effect, adopting the State Board's determination.

The agency determination under review was not made after a quasi-judicial evidentiary hearing. Consequently, we review the determination pursuant to the standard set forth in CPLR 7803 (3) and consider " 'only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion' " (*Matter of Kirkpatrick v Wambua*, 117 AD3d 739, 739-740 [2014], quoting *Matter of Halpert v Shah*, 107 AD3d 800, 801 [2013]; *see* CPLR 7803 [3]; *Matter of Ward v City of Long Beach*, 20 NY3d 1042, 1043 [2013]). "Under this standard, courts examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts, or where it is arbitrary and capricious" (*Matter of Halpert v Shah*, 107 AD3d at 801-802 [citations and internal quotation marks omitted]; *see Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]).

Here, contrary to the petitioner's contentions, the challenged determination that the County and the College are separate employers and, therefore, the College's employees could no longer participate in the County Plan, had a rational basis and was not arbitrary and capricious or an abuse of discretion. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The remaining contentions of the respondents Steve Levy, Alan Schneider, and the County Board need not be reached in light of our determination. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.