Matter of WE 223 Ralph LLC v New York City Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 04459)





Matter of WE 223 Ralph LLC v New York City Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 04459


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9539 157148/16

[*1]In re WE 223 Ralph LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Harwood Reiff LLC, New York (Simon W. Reiff of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 29, 2017, which denied the petition to annul a determination of respondent (HPD), dated April 28, 2016, denying petitioner's protests against charges billed to it in connection with emergency fire guard services contracted for by HPD, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD's denial of petitioner's emergency repair charge protests has a rational basis in the record and is not arbitrary and capricious (see Matter of Ward v City of Long Beach, 20 NY3d 1042 [2013]). Petitioner contends that the notices of violation of the Housing Maintenance Code (Administrative Code of City of NY § 27-2002 et seq.) that led to HPD's posting of a fire guard at petitioner's building as an emergency measure were not properly served under Administrative Code § 27-2095(c), because they were served on petitioner's registered managing agent only and not on petitioner as well. However, because the notices were directed to the managing agent, not to petitioner, section 27-2095(c) is inapplicable. The notices were properly served under Administrative Code § 27-2095(a)(3)(ii), which governs service of notice on a managing agent.
Petitioner contends that HPD's proofs of service were inadequate because they were unaccompanied by any supporting affidavit or explanation of the computer printouts purporting to show service on the managing agent. This argument is unpreserved and in any event unavailing. Petitioner's challenge to the sworn statement by HPD's Assistant Commissioner for Special Enforcement that service on the managing agent was made is conclusory. HPD's documents and sworn pleadings make a prima facie showing
that the NOVs were served in the manner required by statute, and petitioner's assertion to the contrary is without support in the record.
Contrary to petitioner's contention that it was not given an opportunity to challenge HPD's purported proofs of service, it could have done so in its reply papers on the petition. However, rather than raising factual issues as to the adequacy of HPD's proofs in its reply, petitioner reiterated its legal arguments under Administrative Code § 27-2095(c).
To the extent petitioner contends HPD made computational errors, one computation was a downward adjustment, namely, a change in petitioner's favor, from 720 to 694 hours of fire guard services, which, in turn, reflected a simple arithmetic correction of 29 rather than 30 days; the other was an under-billing error of two hours. Although HPD also improperly charged petitioner for fire guard services from midnight July 3, 2015 to midnight July 4, 2015, after the violation was corrected, this overcharge was conceded by HPD in its answer and it agreed to remove that overcharge.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK