Matter of Christakis v New York City Tr. Auth. (2020 NY Slip Op 01694)





Matter of Christakis v New York City Tr. Auth.


2020 NY Slip Op 01694


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10853 159538/18

[*1] In re Gregorios Christakis, Petitioner-Appellant,
v
New York City Transit Authority, Respondent-Respondent.


Advocates for Justice Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for appellant.
New York City Transit Authority Law Department, Brooklyn (Daniel Chiu of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Debra A. James, J.), entered on or about April 9, 2019, denying the petition to annul respondent's determination, dated June 14, 2018, which denied petitioner's application for short term disability benefits, and granting respondent's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law and the facts, without costs, the petition granted, and the matter remanded to the agency for calculation of petitioner's benefits.
Petitioner was employed by respondent New York City Transit Authority as a General Superintendent. From on or about November 24, 2014 to June 12, 2015, petitioner was absent from work due to post-traumatic stress disorder and related conditions that he believed were caused by a series of events at his workplace. On or about December 24, 2014, he applied for Workers' Compensation benefits. The Workers' Compensation Board Judge denied his claim by decision dated May 28, 2015, which found that petitioner suffered from a psychiatric injury, including post-traumatic stress disorder, but determined that there was insufficient evidence that petitioner had experienced "stress at work greater than the usual irritations to which all workers in similar employment are normally subjected." The Workers' Compensation Board affirmed the decision of the Administrative Law Judge by Panel Decision dated January 19, 2016.
On or about June 15, 2015, petitioner made an application for retroactive short term disability benefits under respondent's short term disability policy. The policy provides, inter alia, that "[p]rior to short-term disability benefits taking effect, all of the employee's accumulated sick leave, and all but two weeks (10 working days) of the aggregate of all accrued . . . vacation, personal leave, floating holidays and compensatory time . . . must first be exhausted." It is undisputed that petitioner had a balance of 133 hours of sick leave as of November 28, 2014 (four days after he began his leave), and a balance of 203 hours of sick leave as of June 26, 2015 (11 days after he applied for short term disability).
By letter dated July 14, 2015, respondent advised petitioner that his application for short term disability benefits was "[a]pproved" by Occupational Health Services. Enclosed with the letter was a memorandum from the Medical Director stating that "the documentation submitted represents a health condition that meets the criteria for short term disability. This approval does not determine if the employee is eligible for short term disability" (emphasis in original). Nevertheless, although respondent determined that petitioner suffered from a qualifying medical condition, petitioner did not receive short term disability benefits and received no further information about his claim for more than two years.
In or about November 2017, petitioner's counsel inquired about the status of his claim. After a long string of emails, in March 2018, the Senior Director of respondent's Office of Labor Relations, Ms. Abdelrahman, advised petitioner's counsel by email that petitioner's claim was still in process.
On June 14, 2018, Ms. Abdelrahman advised petitioner's counsel orally that a final determination had been made that petitioner was not eligible for short term disability benefits. In a letter to counsel dated July 16, 2018, she confirmed this and explained that petitioner "was not eligible since managers/non-represented employees are not permitted to use sick leave benefits for absence due to claimed injury on duty and exhaustion of sick leave is a prerequisite for short term disability benefits."
On or about August 27, 2018, petitioner notified his employer of his intention to retire as of August 31, 2018. In the "Separation Payout Form," he checked the box marked "I want a different deferral amount from current paycheck deductions (fill in below)," and he checked the box on the next line marked "401K," with "100%" handwritten on the line next to this box.
By letter dated September 17, 2018, respondent advised petitioner that it was issuing him a "Lump-Sum Cash Payment for Terminal Leave," and that such payment represented 30:15 hours of current vacation, 58:20 hours of accrued vacation, 42 hours of unused sick leave, and :15 hours of compensatory time. Petitioner's October 18, 2018 paycheck lists a total of $7,033.78 as "Lump Sum N/P." It lists a deposit of $6,194.72, after state and federal deductions, into petitioner's 401K account, and a payment of $0 directly to petitioner.
On or about October 15, 2018, petitioner commenced this proceeding pursuant to article 78 of the CPLR to challenge respondent's denial of his petition for short term disability benefits. Respondent filed an answer in which it alleged that petitioner's short term disability claim was denied "because he filed a claim for Workers' Compensation benefits asserting he was injured on duty and had not exhausted his sick leave, which was a prerequisite for short term disability." Respondent's answer further stated that "[e]mployees are prohibited from filing for Workers' Compensation Benefits and short term disability benefits to minimize the potential for fraud and double dipping.'" Respondent's July 16, 2018 letter had not notified petitioner of this alleged prohibition, and nothing in respondent's Employee Benefit Summary or short term disability policy states that employees who have applied for Workers' Compensation benefits are not eligible for short term disability.
By order dated April 1, 2019, Supreme Court found that petitioner commenced this proceeding within the applicable statute of limitations,[FN1] but denied the petition on the basis of respondent's claim that its short term disability policy "rendered workers who applied for Workers' Compensation benefits ineligible for short term disability benefits."
Petitioner now appeals, arguing that the denial of his short term disability application on this basis was arbitrary and capricious, citing CPLR 7803(3). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). We find that the denial of petitioner's short term disability benefits claim was arbitrary, capricious and irrational for the following reasons.
First, respondent never notified petitioner that it was denying his claim because he had previously applied for Workers' Compensation benefits. The first time respondent made this claim was in its answer filed in response to petitioner's article 78 petition. Nothing in respondent's Employee Benefit Summary, short term disability policy, or its letter confirming that petitioner's short term disability claim had been denied states that employees are barred from seeking short term disability benefits if they have previously applied for Workers' Compensation. Under these circumstances, the rationality of the agency's determination is called into question (see Matter of Ward v City of Long Beach, 20 NY3d 1042, 1044 [2013]; Metropolitan Taxicab Bd. of Trade v New York City Taxi & Limousine Comm., 18 NY3d 329, 333-334 [2011]).
Second, in this case, there was no risk of "double dipping," which is the sole rationale respondent has given for interpreting its short term disability policy to bar an employee who has applied for Workers' Compensation from applying for short term disability. When petitioner applied for short term disability benefits, his Workers' Compensation claim had been denied.
Third, respondent's position regarding the Workers' Compensation claim is inconsistent with its position regarding what the disability policy covers. After all, if, as respondent [*2]maintains, the policy only covers non-work-related illnesses such as cancer or a heart attack, then it would have had no reason to be concerned about "double dipping," since Workers' Compensation benefits only relate to work-related conditions.
It is similarly disingenuous for respondent to argue that petitioner was not eligible under the disability policy because he did not exhaust his sick leave. Ms. Abdelrahman stated in her July 16, 2018 letter confirming the denial of petitioner's short term disability application that petitioner was "not permitted to use sick leave benefits for absence due to claimed injury on duty and exhaustion of sick leave is a prerequisite for short term disability benefits." If petitioner had been approved for Worker's Compensation, this rationale might hold. Once petitioner was denied those benefits, however, no rational basis for denying petitioner his sick time could be advanced.
With respect to how many sick days should be credited to petitioner, respondent cites to documents in the record indicating that petitioner had a balance of 133 hours (or 19 seven-hour days) of sick leave as of November 28, 2014 (four days after he began his leave) and a balance of 203 hours (or 29 seven-hour days) of sick leave as of June 26, 2015 (11 days after he applied for retroactive short term disability). In addition, respondent's September 17, 2018 letter to petitioner regarding his lump sum cash payment for terminal leave states that he had 42 hours (or six seven-hour work days) of unused sick leave as of that date, for which he received a payment of funds deposited into his 401K account. However, since the period for which petitioner sought short term disability benefits exceeded six months, his sick leave balance, calculated at any of those times, would have been insufficient to cover the entire period. Accordingly, this matter must be remanded to respondent for
calculation of petitioner's short term disability benefits after deduction of petitioner's sick leave.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
Entered: MARCH 12, 2020
CLERK



Footnotes

Footnote 1: That determination is not challenged on this appeal.