Matter of Newman v City of Tonawanda (2022 NY Slip Op 03834)

Matter of Newman v City of Tonawanda

2022 NY Slip Op 03834

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

402 CA 21-01479

[*1]IN THE MATTER OF AMY NEWMAN, PETITIONER-APPELLANT,
v
CITY OF TONAWANDA, RICK DAVIS, AS MAYOR OF CITY OF TONAWANDA, AND CHARLES STUART, FIRE CHIEF OF CITY OF TONAWANDA, RESPONDENTS-RESPONDENTS. 

THOMAS J. JORDAN, ALBANY, FOR PETITIONER-APPELLANT.
WEBSTER SZANYI LLP, BUFFALO (CHARLES E. GRANEY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered May 25, 2021 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss the petition and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the relief sought in paragraph (b) of the petition is granted.
Memorandum: Petitioner is a firefighter for respondent City of Tonawanda (City). In July 2018, petitioner injured her left shoulder while on the job when she fell down some stairs. After missing several months of work, she had surgery on her shoulder and then returned to light-duty work. In late May 2020, petitioner returned to work with no restrictions and worked the current firefighter schedule of 24-hour shifts. By the end of petitioner's second week of work, after four shifts, she experienced increased pain in her shoulder. She saw her treating orthopedist, who provided a note stating that petitioner "cannot return to work." Subsequently, by letter to respondent Charles Stuart, Fire Chief of the City (Fire Chief), petitioner applied for General Municipal Law § 207-a benefits. The Fire Chief, relying on medical opinions that petitioner was able to perform her duties on a "reduced schedule" of 8-hour shifts, up to 40 hours a week, concluded that petitioner was therefore not eligible for General Municipal Law § 207-a benefits and denied the application. The City thereafter scheduled petitioner for 8 hours of work per day when her crew was working its 24-hour shifts, resulting in petitioner being scheduled for fewer hours and thus receiving less pay than a firefighter working without those restrictions.
Petitioner commenced this CPLR article 78 proceeding and declaratory judgment action seeking, in effect, approval of her application for section 207-a benefits. Respondents moved to dismiss the petition, and Supreme Court granted the motion. We now reverse.
As a preliminary matter, we note that this is properly only a CPLR article 78 proceeding inasmuch as the relief sought by petitioner is available under CPLR article 78 without the necessity of a declaration (see generally CPLR 7801).
In reviewing respondents' determination, which was made without a hearing, "the issue is whether the action taken had a 'rational basis' and was not 'arbitrary and capricious' " (Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013]). " 'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts' " (id.; see Matter of Erie County Sheriff's Police Benevolent Assn., Inc. v County of Erie, 159 AD3d 1561, 1562 [4th Dept 2018]). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (Ward, 20 NY3d at 1043; see Erie County Sheriff's Police Benevolent Assn., 159 AD3d at 1562).
A firefighter seeking section 207-a benefits must show "that his or her injury or illness results from the performance of his or her duties and that he or she is physically unable to perform his or her regular duties as a firefighter" (Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 948 [2d Dept 2012]). The regular duties of a firefighter for the City required shifts of between 10-24 hours, and the medical evidence is undisputed that petitioner could work only 8-hour shifts. Inasmuch as the evidence established that petitioner could not work the longer shifts, and she was not offered the full-time equivalent of the shorter shifts or light-duty work, the determination that she is not entitled to General Municipal Law § 207-a benefits is arbitrary and capricious. Petitioner is therefore entitled to the relief sought in paragraph (b) of the request for relief in her petition.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court