| |
|---|
| **Mark Intl. LLC v City of New York** |
| 2024 NY Slip Op 32159(U) |
| June 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151201/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ARLENE P. BLUTH</u>

*Justice*

| | | PART | 14 |

-----------------------------------------------------------------------------X

MARK INTERNATIONAL LLC,

           Petitioner,

           - v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CONSUMER AFFAIRS

           Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151201/2020 |
| MOTION DATE | N/A[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for          <u>ARTICLE 78</u> .

The petition to annul a determination by respondents is denied.

**Background**

In this proceeding, petitioner seeks to annul a determination by respondents that denied its application for a tobacco retail dealer license. It explains that on July 26, 2019, it applied for this license and acknowledges that a prior owner of the store held this license. Petitioner alleges that it purchased the store in April 2019, although no specific date for that purchase is indicated in the petition.

Respondents issued a notice of intent to deny the license application in September 2019 on the ground that there were pending violations against petitioner at the time of the application.

---

[1] The Court recognizes that this petition has been pending for many years. Although it was only recently assigned to this part, the Court apologizes, on behalf of the court system, for the lengthy and inexcusable delay in the resolution of this proceeding.

**151201/2020 MARK INTERNATIONAL LLC vs. CITY OF NEW YORK**          **Page 1 of 6**
**Motion No. 001**

Petitioner vigorously opposed this contention and sent a letter claiming there were no pending violations. Respondents reviewed this submission and agreed it had initially made a mistake - that there were no pending violations at the time of the application. However, respondents still denied the application because it was untimely; petitioner failed to file the initial application within 30 days of the change in ownership. (The purchase was sometime in April and the application was filed at the end of July).

Petitioner observes that this 30-day requirement arose out of a law (Administrative Code § 20-202) which capped the number of tobacco retailer licenses. Petitioner challenged this determination and respondents adhered to their determination denying the application.

Petitioner claims this decision was arbitrary and capricious because respondents stripped petitioner of a substantial portion of its expected revenue from the store due to a *de minimis* procedural defect in the filing of the license application. It argues that respondents failed to identify this defect in its initial denial. Petitioner claims that respondents would suffer no harm as the prior store had a license to sell tobacco products. It demands that the Court order a grace period for business owners to submit applications in these situations.

Petitioner also insists that this Court find this portion of the Administrative Code as unconstitutional because it violates the Fourteenth and Eighth Amendments to the United States Constitution. It claims that petitioner is effectively barred from ever getting a license now that respondents have denied his application.

In opposition[2], respondents contend that they simply enforced a clear provision and the decision was rational. They contend they did not violate petitioner's due process rights. Respondents explain that the relevant Administrative Code section capped the number of tobacco

---

[2] For some reason, respondents filed both a cross-motion to dismiss and an answer.

**151201/2020   MARK INTERNATIONAL LLC vs. CITY OF NEW YORK**
 **Motion No.  001**

**Page 2 of 6**

licenses and that an exception to the cap is permitted where the purchaser of a store that had a license issued to the prior owner makes a proper application within 30 days of the sale of the business.

In reply, petitioner contends it had a property interest in the license as the successor in interest of the prior license. It argues it was slightly delayed and complains about the "draconian penalty" for not meeting the deadline in the relevant statutory scheme.

**Discussion**

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not "arbitrary and capricious. An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*Matter of Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citations omitted]).

Here, the relevant statutory scheme provides that:

"a business whose owner has been issued a retail dealer license is sold, the succeeding owner may apply for a license for use at the same location, provided that the retail dealer selling such business was in good standing at the time of such sale, and the application is received within thirty days of the applicable change of ownership" (Administrative Code § 20-202[e][4][B]).

In the record before respondents, petitioner was provided with an opportunity to address the timeliness issue and it did not deny that its application was untimely (*see* NYSCEF Doc. No. 34). In fact, in this December 2019 letter, petitioner did not offer any dates about when it purchased the business or make any arguments about how its application could be considered

**151201/2020  MARK INTERNATIONAL LLC vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 3 of 6**

3 of 6

timely. Nor did petitioner make any such arguments in this petition. Accordingly, as there is no dispute that the application was not timely, the Court denies the petition.

Petitioner's contention that it was only a *de minimis* error is not supported with any documentation or binding caselaw to justify overlooking the fact that it did not comply with the relevant statute. The record only contains the allegation that petitioner purchased the store in "April 2019" (*see* NYSCEF Doc. No. 1, ¶ 10). And the subject application was filed on July 26, 2019. Put another way, this Court cannot even begin to consider whether or not there should be some sort of *de minimis* exception without any specific details about exactly how late the application was filed.

In any event, petitioner admits in the petition that it "was unfamiliar with the new law" (*id*. ¶ 48). Of course, that is not a basis for this Court to ignore a clear and unambiguous provision of a statute. According to petitioner, the law changed in February 2018, more than a year before it purchased the store. Any claim that it did not have time to learn the relevant law is without merit.

Petitioner also failed to establish any of its constitutional claims. Petitioner received the appropriate due process under the Fourteenth Amendment of the U.S. Constitution. Respondents rationally reviewed its application and petitioner did not submit any evidence that it filed a timely application. Petitioner failed to establish that it acquired a property interest in a license that it never obtained (*The Bd. of Regents of State Colleges v Roth*, 408 US 564, 577, 92 S Ct 2701, 2709, 33 L Ed 2d 548 [1972] ["To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it."]). Here, petitioner merely had a desire to acquire a license previously held by

**151201/2020   MARK INTERNATIONAL LLC vs. CITY OF NEW YORK**
  **Motion No.  001**

**Page 4 of 6**

a prior owner of the store. There is no basis to find that it acquired a property interest under the Fourteenth Amendment merely by submitting an application for the license.

Petitioner's Eighth Amendment argument is equally unpersuasive. Petitioner was not fined nor did it receive cruel and unusual punishment based on respondents' straightforward enforcement of a statute; it merely had a license application denied. That petitioner did not become aware of the law prior to buying the store and now faces the loss of certain revenue is not a basis to find that respondents violated the Eighth Amendment.

**Summary**

The Court recognizes that petitioner is unhappy; it bought a store which sold tobacco products and expected to take over that license. Petitioner makes much ado with the fact that respondents did not identify the untimely application in their initial denial. But that failure does not, on this record, constitute a reason to grant the petition – the initial application was still too late. And the fact is that petitioner did not make any compelling arguments, either here or at the agency level, to justify its untimely application. This Court cannot *sua sponte* create an exception to a clear law simply because petitioner did not read up on tobacco licensing prior to buying a business where it evidently intended to sell tobacco products. It is axiomatic that the sale of tobacco products is highly regulated and the law at issue was on the books for more than a year prior to petitioner's purchase of the store.

Ultimately, this Court must determine whether the agency's decision was arbitrary. Because denying the application on the ground that it was late was rational, the petition is denied.

Accordingly, it is hereby

**151201/2020   MARK INTERNATIONAL LLC vs. CITY OF NEW YORK**               **Page 5 of 6**
  **Motion No.  001**

5 of 6

[* 5]

ADJUDGED that the petition is denied and the proceeding is dismissed without costs or disbursements.

| | | | |
|---|---|---|---|
| **6/25/2024** | | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151201/2020   MARK INTERNATIONAL LLC vs. CITY OF NEW YORK**                                     **Page 6 of 6**
**Motion No.  001**

6 of 6

[* 6]