■ In the Matter of LEON COHEN, Respondent, v ROSEMARY HAHN et al., Constituting the Zoning Board of Appeals of the

City of Rochester, et al., Appellants.—Order unanimously reversed on the law without costs, determination confirmed and petition dismissed. Memorandum: It was error for the court to order a hearing de novo in Supreme Court on petitioner's application for a use variance. The determination whether to grant a variance lies within the discretion of the zoning authorities and a reviewing court may not conduct a trial de novo *(see, Matter of St. Onge v Donovan,* 71 NY2d 507, 519; *Thayer v Baybutt,* 29 AD2d 486, 487-488, *affd* 24 NY2d 1018).

The determination of the Zoning Board of Appeals is entitled to great deference and must be sustained if it has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444-445). A review of the record here indicates that there was a rational basis to support the determination of the Zoning Board denying petitioner's application for a use variance. In applying for a use variance, an applicant must show that (1) the subject property cannot yield a reasonable return if used only for a purpose permitted in the zone; (2) that the problem with the applicant's property is due to unique circumstances and not to the general condition in the neighborhood; and (3) that the use sought will not alter the essential character of the neighborhood *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257). In order to establish that the property will not yield a reasonable return without the variance, an applicant "must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses" *(Matter of Village Bd. v Jarrold, supra,* at 256; *Bellanca v Gates,* 97 AD2d 971, *affd* 61 NY2d 878). Petitioner failed to meet his burden of showing that he could not realize a reasonable rate of return by operating the subject property as a three-unit dwelling, the legal nonconforming use. Thus the Board was justified in denying a use variance. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.