■ In the Matter of CONCETTA T. CERAME IRREVOCABLE FAMILY TRUST et al., Respondents, v TOWN OF PERINTON ZONING BOARD OF APPEALS et al., Appellants. [776 NYS2d 660]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered March 3, 2003 in a proceeding pursuant to CPLR article 78. The judgment granted the petition in part and remitted petitioners' application to respondent Town of Perinton Zoning Board of Appeals for a de novo determination.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the penultimate decretal paragraph and as modified the judgment is affirmed without costs.

Memorandum: Respondents appeal from a judgment remitting petitioners' application to respondent Town of Perinton Zoning Board of Appeals (ZBA) for a de novo determination. Petitioners applied to respondent Town of Perinton (Town) for a permit to build a 2,500-foot berm and noise barrier where their property adjoins an interstate highway. The Town's Commissioner of Public Works denied the application on the ground that additional information was required from petitioners. Petitioners appealed that decision to the ZBA, which concluded that the Commissioner's decision was not "arbitrary and capricious," denied petitioners' appeal and affirmed the decision. Supreme Court granted the petition to the extent of remitting the application for a de novo determination by the ZBA and limiting the factors that the ZBA could consider in making its de novo determination.

At the outset, we reject respondents' contention that the court erred in deciding this proceeding on the merits (see Town Law § 282). Turning to the merits, Town Law § 267-b (1) provides that, in reviewing an administrative officer's determination, the ZBA: "may reverse or affirm, wholly or partly, or may modify

the order, requirement, decision, interpretation or determination appealed from and shall make such order, requirement, decision, interpretation or determination as *in its opinion ought to have been* made in the matter by the administrative official charged with the enforcement of such ordinance or local law and to that end shall have all the powers of the administrative official from whose order, requirement, decision, interpretation or determination the appeal is taken" (emphasis added). The ZBA, by the clear wording of its determination, concluded that the Commissioner's decision was subject to the "arbitrary and capricious" standard of review rather than the standard of review set forth in the Town Law. That was error, and thus the court properly remitted the application to the ZBA to review it under the standard set forth in the statute.

We further conclude, however, that the court exceeded its authority in remitting petitioner's application to the ZBA for a de novo determination with specific directives with respect to what the ZBA could and could not consider. Judicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck*, 34 NY2d 222, 231 [1974]). Administrative agencies such as zoning boards are "vested with great discretion" (*Matter of Gomez v Zoning Bd. of Appeals of Town of Islip*, 293 AD2d 610, 610 [2002]). Accordingly, their determinations are entitled to "great deference" (*Matter of Farrell v Johnson*, 266 AD2d 873, 873 [1999]; *see Matter of Cohen v Hahn*, 155 AD2d 969, 970 [1989]) and will be sustained even if the reviewing court might have decided the matter differently (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 423 [1996]; *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977], *rearg denied* 42 NY2d 910 [1977]). A reviewing court may not substitute its own judgment for that of the agency (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]), and its review " 'is limited to the record before the agency and proof outside the administrative record should not be considered' " (*Matter of Dolan v New York State Dept. of Civ. Serv.*, 304 AD2d 1037, 1039 [2003], *lv denied* 100 NY2d 512 [2003], quoting *Matter of Piasecki v Department of Social Servs.*, 225 AD2d 310, 311 [1996]). Applying those standards, we conclude that the court exceeded its authority in fashioning its directive regarding which facts the ZBA could consider on remittal.

Therefore, the judgment is modified by vacating the penultimate decretal paragraph. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.