■ In the Matter of DEBRA WALKER, Respondent, v STATE UNIVERSITY OF NEW YORK (UPSTATE MEDICAL UNIVERSITY) et al., Appellants. [796 NYS2d 813]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (William R. Roy, J.), entered May 18, 2004 in a proceeding pursuant to CPLR article 78. The judgment granted the petition, annulled the determination of respondents to terminate petitioner's employment and directed respondents to reinstate petitioner to her former position.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding alleging, inter alia, that respondents' termination of her employment was "arbitrary, capricious, irrational and contrary to law" and seeking, inter alia, reinstatement to her former position. We conclude that Supreme Court erred in granting the petition.

Petitioner was employed by respondent State University of New York (Upstate Medical University) as a patient service leader or "charge nurse" in the psychiatric unit of the hospital. During the course of her employment, petitioner was injured when she attempted to contain a patient in a "seclusion room." Petitioner took a leave of absence due to the disabling injuries she sustained, but respondents terminated her employment after her leave of absence exceeded one year (*see generally* Civil Service Law § 71). Petitioner contended that the disability resulted from an assault sustained in the course of her employment, entitling her to a two-year leave of absence (*see id.*). When respondents refused to extend her leave of absence, petitioner commenced this proceeding.

It is well established that "[j]udicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis" (*Matter of Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals*, 6 AD3d 1091, 1092 [2004]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Such a determination is entitled to " 'great deference' " (*Cerame Irrevocable Family Trust*, 6 AD3d at 1092, quoting *Matter of Farrell v Johnson*, 266 AD2d 873, 873 [1999]), and "[a] reviewing court may not substitute its own judgment for that of the agency" (*id.*; *see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]).

We conclude that respondents' determination that petitioner was not entitled to a two-year leave of absence is neither arbitrary nor capricious and has a rational basis. Although petitioner is correct that Civil Service Law § 71 was amended in 2003 to increase the period of a leave of absence for civil service employees who have been assaulted in the course of their employment (*see* L 2003, ch 577, § 1), we conclude that respondents reasonably could have concluded that petitioner was not in fact assaulted by the patient at issue. Based on petitioner's inconsistent accounts of the incident, respondents

could have reasonably concluded that the patient in attempting to leave the seclusion room did not grab petitioner's arm. Furthermore, respondents could have reasonably concluded that there was no evidence that the patient attempting to leave the seclusion room had the requisite culpable mental state for a criminal assault (*see* Penal Law §§ 120.00, 120.05, 120.10) or a civil assault (*see Charkhy v Altman*, 252 AD2d 413, 414 [1998]; *Buggie v Cutler*, 222 AD2d 640, 641 [1995], *lv denied* 88 NY2d 807 [1996]). Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.