# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1215**
**CA 13-00613**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF HOLIMONT, INC.,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

VILLAGE OF ELLICOTTVILLE ZONING BOARD OF
APPEALS AND VILLAGE OF ELLICOTTVILLE,
RESPONDENTS-RESPONDENTS.

---

DAMON MOREY LLP, CLARENCE (COREY A. AUERBACH OF COUNSEL), FOR
PETITIONER-APPELLANT.

BACKHAUS & SIMON, P.C., OLEAN (ROBERT J. SIMON OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered June 21, 2012 in a proceeding pursuant to CPLR article 78. The judgment, among other things, denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to challenge the determination of respondent Village of Ellicottville Zoning Board of Appeals (ZBA) denying its request for a use variance to permit it, inter alia, to extend a ski lift over a parcel of land that it had acquired at 36 Adams Street in the Village of Ellicottville. Supreme Court properly denied the petition. "The determination of the ZBA is entitled to great deference and must be sustained where, as here, it has a rational basis and is supported by substantial evidence" (*Matter of Farrell v Johnson*, 266 AD2d 873, 873). The ZBA properly determined that petitioner failed to show that it was entitled to the use variance inasmuch as it failed to establish that it could not realize a reasonable rate of return without the use variance (*see generally Matter of Cohen v Hahn*, 155 AD2d 969, 970). Although petitioner presented the testimony of an expert on that point, we note that it is the "sole province of the ZBA . . . as administrative factfinder" to resolve issues of credibility (*Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals*, 227 AD2d 779, 781). Additionally, petitioner failed to establish that its proposed development would not alter the essential character of the surrounding neighborhood (*see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1147). Indeed, the record establishes

that permitting petitioner to maintain an active ski lift and snowmaking equipment on its parcel will alter the quiet residential area surrounded by nature in which that parcel is located because of the increased use of the parcel.  Finally, the record establishes that petitioner's hardship was self-created inasmuch as petitioner previously had stipulated to restrictions calling for an "undisturbed green area" in the location petitioner now seeks to develop (*id.*; *see Matter of Carrier v Town of Palmyra Zoning Bd. of Appeals*, 30 AD3d 1036, 1038, *lv denied* 8 NY3d 807).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court