State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    April 16, 2015                519388
_____

In the Matter of SARAH FULLER
    et al.,
                    Appellants,

        v                                   MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT
    OF HEALTH et al.,
                    Respondents.
_____

Calendar Date:   February 18, 2015

Before:   Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Sussman and Watkins, Goshen (Michael H. Sussman of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for New York State Department of Health,
respondent.

        Iseman, Cunningham, Riester & Hyde, LLP, Albany (Brian M.
Culnan of counsel), for Bon Secours Health Systems, respondent.

_____

Lahtinen, J.

        Appeal from an order and judgment of the Supreme Court
(Platkin, J.), entered November 7, 2013 in Albany County, which,
among other things, dismissed petitioners' application, in a
proceeding pursuant to CPLR article 78, to, among other things,
review a determination of respondent Department of Health
authorizing Bon Secours Community Hospital to discontinue the
provision of maternity services.

Respondent Bon Secours [Charity] Health Systems, on behalf of one of its hospitals — Bon Secours Community Hospital, located in the City of Port Jervis, Orange County — filed an application in October 2011 with respondent Department of Health to decertify its obstetrics services. The Hospital cited, among other reasons, a significant decline in deliveries over recent years and the proximity within less than 25 miles of a medical center with a level 2 neonatal intensive care unit and a hospital with a level 1 perinatal center. Community members and governmental officials who were opposed to the plan had meetings with Hospital administrators and Department officials. Ultimately, in December 2012, the Department approved the decertification application subject to certain conditions aimed at addressing some concerns expressed about decertification, particularly as involved potential burdens for indigent patients and ensuring that services for emergency birth situations were maintained. Petitioners, who live near the Hospital and were pregnant at the time that the Department approved decertification, commenced this proceeding contending that the Department's determination was arbitrary, capricious and contrary to law. Supreme Court dismissed the petition and this appeal ensued.

"Where, as here, . . . petitioner[s] challenge[] an administrative determination made where a hearing is not required, appellate review is limited to whether the determination lacks a rational basis and is, thus, arbitrary and capricious" (Matter of Bais Sarah Sch. for Girls v New York State Educ. Dept., 99 AD3d 1148, 1150 [2012], lv denied 20 NY3d 857 [2013] [internal quotation marks and citations omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009] [citation omitted]). "If the [agency's] determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013] [citation omitted]). We "may not substitute [our] judgment for that of the agency responsible for making the determination," and "[d]eference to the judgment of the agency, when supported by the record, is particularly appropriate when the matter under review involves a factual evaluation in the area of the agency's expertise" (Matter of Warder v Board of Regents of Univ. of State

of N.Y., 53 NY2d 186, 194 [1981], cert denied 454 US 1125 [1981]; see Matter of Peckham v Calogero, 12 NY3d at 431).

The record contains a rational basis for the Department's determination. In the years before the decertification application, deliveries had declined and reached a level where there was concern about keeping ample staffing and the ability to maintain a high level of care. The Hospital had been providing around the clock obstetrical care, but had a maternity ward occupancy of less than 20% at the time of its application. Other hospitals were located within a reasonable proximity and many potential patients were already using those facilities for childbirth. Plans were put in place by the Hospital to provide transportation to the other facilities for those without means for such travel and to keep space at the Hospital for emergency births, as well as provide obstetrics training to the Hospital's emergency department staff. Although petitioners submitted proof challenging aspects of the Department's findings and a different result could have been reasonably reached, the Department's determination has a sound basis in reason and is supported by the record.

The other grounds urged by respondents for affirming — i.e., mootness and standing — are academic.

Peters, P.J., Garry and Lynch, JJ., concur.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court