# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1359**
**CA 15-01016**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF BROCKPORT STUDENT GOVERNMENT,
WILLIAM MITCHELL, PRESIDENT OF BROCKPORT STUDENT
GOVERNMENT, KENTON DECROSS, VICE PRESIDENT OF
BROCKPORT STUDENT GOVERNMENT, AND ANDREW DOLE,
TREASURER OF BROCKPORT STUDENT GOVERNMENT,
PETITIONERS-RESPONDENTS,

            V                        MEMORANDUM AND ORDER

STATE UNIVERSITY OF NEW YORK AT BROCKPORT, JOHN
HALSTEAD, PRESIDENT OF SUNY BROCKPORT, KATY
WILSON, VICE PRESIDENT OF ENROLLMENT MANAGEMENT
AND STUDENT AFFAIRS OF SUNY BROCKPORT, JAMES
WILLIS, VICE PRESIDENT FOR ADMINISTRATION AND
FINANCE OF SUNY BROCKPORT, AND LEAH BARRETT,
ASSOCIATE VICE PRESIDENT FOR STUDENT AFFAIRS OF
SUNY BROCKPORT, RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

LAW OFFICES OF PULLANO & FARROW, PLLC, ROCHESTER (CHRISTIAN VALENTINO
OF COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered August 15, 2014 in a proceeding pursuant to CPLR article 78. The judgment granted the petition in part.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying that part of the petition seeking to annul respondents' determination to the extent that respondents refused to certify that part of petitioners' proposed budget allocating $49,800 of mandatory student activity fees to employ a business manager, and as modified the judgment is affirmed without costs.

Memorandum: Petitioners, members of the SUNY Brockport student government (BSG), commenced this CPLR article 78 proceeding challenging respondents' determination to modify petitioners' proposed 2014-2015 budget for the allocation of mandatory student activity fees. BSG had submitted a budget that included a proposed allocation of approximately $50,000 to finance the renewal of an existing position, i.e., a personal business manager, to assist with BSG's

internal operations.  Upon review of the budget, respondents determined that BSG's proposed budget allocation for a business manager was inconsistent "with the practices, policies, and procedures used by the rest of the [SUNY Brockport] campus" and that BSG's proposed $49,800 salary for a business manager was excessive and not consistent with, inter alia, other SUNY Brockport organizations. Respondents therefore replaced that allocation with an allocation for BSG to instead retain Brockport Auxiliary Services Corporation (BASC), which had offered to serve as BSG's business manager at a cost savings of approximately $20,000.  Thereafter, respondents approved the modified budget, thereby requiring BSG to retain BASC as its business manager for the 2014-2015 academic year.  BSG and its members filed the instant article 78 petition, asserting that respondents' refusal to certify the budget as submitted was arbitrary and capricious. Supreme Court found that under 8 NYCRR 302.14, respondents lacked the authority to limit who BSG hired and stated that "[t]he fact that some other student organizations are content with the services that BASC offers is not relevant to this discussion as long as the salary paid to BSG's business manager is not wholly out of proportion to the services rendered."  The court determined that the proposed BSG salary was not "wholly out of proportion," reversed respondents' determination, and ordered that petitioners be allowed to retain a business manager of their choosing.  We conclude that the court erred in determining that respondents' denial of BSG's budget allocation for a business manager was arbitrary and capricious, and we therefore modify the judgment accordingly.

Initially, we reject respondents' contention that the court applied the incorrect standard of review.  "It is well established that '[j]udicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis' " (*Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.]*, 19 AD3d 1058, 1059, *lv denied* 5 NY3d 713). Here, although the court did not use the term "arbitrary and capricious" or "lacks a rational basis" in its judgment, we conclude that the court implicitly applied the correct standard (*cf. Matter of Restituyo v Berbary*, 278 AD2d 859, 859).

We reject respondents' further contention that it had authority to direct petitioners to retain BASC.  There is no dispute that 8 NYCRR 302.14 specifically controls the approval, collection, and expenditure of mandatory student activity fees, and vests BSG with exclusive authority to propose budgets regarding the allocation of those funds.  If a proposed budget complies with section 302.14 (c) (3), respondents "shall so certify" the budget as proposed by BSG (8 NYCRR 302.14 [c] [1] [i]).  BSG is permitted to expend funds on "salaries for professional nonstudent employees of the student government to the extent that they are consistent with hiring practices and compensation rates of other campus-affiliated organizations" (8 NYCRR 302.14 [c] [3] [xiv]).  The regulation contains no other restriction on the allocation of funds towards salaries other than the general requirement that any allocation must support the "benefit of the campus community" (8 NYCRR 302.14 [c] [3]).  The plain language of the regulation does not support

respondents' position that it has the authority to compel BSG to hire BASC.

We agree with respondents, however, that the court erred in determining that their denial of BSG's budget allocation for a business manager was arbitrary and capricious.  It is well established that "[a]n action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts . . . An agency's determination is entitled to great deference and, [i]f the [reviewing] court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (*Matter of Thompson v Jefferson County Sheriff John P. Burns*, 118 AD3d 1276, 1277 [internal quotation marks omitted]).  Here, we conclude that respondents' discretionary determination to reject BSG's proposed $49,800 salary for a business manager which was based on a comparison of the "hiring practices and compensation rates of other campus-affiliated organizations" (8 NYCRR 302.14 [c] [3] [xiv]), is supported by a rational basis.

The remaining contentions raised by the parties are unpreserved and, in any event, are without merit.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court