Matter of Froehlich v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 00652)





Matter of Froehlich v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 00652


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

528288

[*1]In the Matter of Jason Froehlich, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.; Reynolds Fitzgerald, J., vouched in.


Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for appellant.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Young, J.), entered December 19, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner a two-year leave of absence pursuant to Civil Service Law § 71.
On August 2, 2017, while employed as a correction sergeant at Edgecombe Correctional Facility, petitioner responded to an incident involving a parolee who was attempting to swallow contraband and resisting the efforts of several other correction sergeants/officers to restrain him. Petitioner sustained injuries to his lower back, neck and right shoulder during the encounter and, on August 4, 2017, he began workers' compensation leave. In July 2018, respondent advised petitioner that, pursuant to Civil Service Law § 71, his employment would be terminated on August 4, 2018 because his absence from employment would have by then exceeded one cumulative year. Petitioner asserted through counsel that he was entitled to a two-year leave of absence under Civil Service Law § 71 because his injuries resulted from an assault sustained during the performance of his duties. Respondent disagreed and adhered to its decision. Following his termination from employment on September 5, 2018,[FN1] petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination to deny him a two-year leave of absence. Respondent joined issue, and Supreme Court ultimately dismissed the petition. Petitioner appeals, arguing that he was entitled to a two-year leave of absence under Civil Service Law § 71 and that respondent's determination was arbitrary, capricious and irrational.
Pursuant to Civil Service Law § 71, an employee who "has been separated from [his or her] service by reason of a disability resulting from occupational injury" is "entitled to a leave of absence for at least one year." If, however, "an employee has been separated from the service by reason of a disability resulting from an assault sustained in the course of his or her employment, he or she shall be entitled to a leave of absence for at least two years" (Civil Service Law § 71). Where, as here, an administrative determination is made where an evidentiary hearing is not required by law, this Court's review is limited to whether the determination had a rational basis and was not arbitrary and capricious (see CPLR 7803 [3]; Matter of Ward v City of Long Beach, 20 NY3d 1042, 1043 [2013]; Matter of Fuller v New York State Dept. of Health, 127 AD3d 1447, 1448 [2015]). So long as it has a rational basis, we will sustain the determination, even if it would have also been rational for the administrative agency to have reached a different result (see Matter of Ward v City of Long Beach, 20 NY3d at 1043; Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 151 AD3d 1532, 1534 [2017], affd 33 NY3d 131 [2019]). Moreover, the administrative agency is entitled to great deference in its determination (see Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.], 19 AD3d 1058, 1059 [2005], lv denied 5 NY3d 713 [2005]).
The Civil Service Law does not define "assault" and the legislative history behind Civil Service Law § 71 does not indicate any intent to ascribe a specific definition to the term. Respondent defines "assault" here as "an intentional physical act of violence directed toward[] an employee by an inmate or parolee." In our view, this definition — used for the sole purpose of determining entitlement to the enhanced benefit of a two-year leave of absence from employment under Civil Service Law § 71 rather than the standard one-year leave of absence — is entirely rational (see generally Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of the State of N.Y., 77 AD3d 1080, 1082 [2010], lv denied 16 NY3d 712 [2011]). We reject petitioner's assertion that respondent should adopt the definition of assault in the second degree reflected in Penal Law § 120.05 (3), as application of that Penal Law definition would too broadly expand the scope of employees entitled to the enhanced benefit.[FN2]
Turning to respondent's application of its definition of assault to this case, respondent could rationally determine that the limited record does not support the conclusion that the parolee directed an intentional physical act of violence toward petitioner. The record reflects that, while he was the subject of a strip search, the parolee retrieved a blue balloon from his underwear and attempted to swallow it. The parolee pushed the initial correction officer involved in the strip search, who ultimately placed the parolee in a rear body hold as four correction sergeants/officers, including petitioner, responded to the incident and attempted to subdue the combative parolee. The use of force reports and employee injury reports reflect that petitioner placed the parolee in a "bear hug type body hold" by wrapping his arms around the parolee's torso, while the remaining correction sergeants/officers grabbed the parolee's arms and left leg. Although the record demonstrates that the parolee was combative and refused orders to stop resisting and to surrender the contraband, there is no indication that the parolee directed any intentional physical act of violence toward petitioner before, during or after petitioner's application of the body hold. Given the absence of such record evidence, respondent's determination that petitioner's injuries were not the result of an assault sustained during the course of employment had a sound basis in reason and, thus, was rational (see Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.], 19 AD3d at 1059-1060; see generally Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d 131, 135 [2019]). Accordingly, we discern no basis upon which to disturb respondent's determination that petitioner was not entitled to a two-year leave of absence under Civil Service Law § 71.
Devine and Aarons, JJ., concur.
Egan Jr., J.P. (dissenting).
We respectfully dissent. We agree with the majority's conclusion that respondent need not adopt the Penal Law definition for "assault" (see Penal Law § 120.05 [3], [6]) in determining whether petitioner is entitled to a two-year leave of absence from employment pursuant to Civil Service Law § 71. However, applying respondent's own definition of assault to the facts of this case leads us to the conclusion that respondent's determination that this inmate's actions did not constitute an assault upon petitioner lacks a rational basis.
As relevant here, Civil Service Law § 71 provides that, "where an employee has been separated from the service by reason of a disability resulting from an assault sustained in the course of his or her employment, he or she shall be entitled to a leave of absence for at least two years" (Civil Service Law § 71). As the majority indicates, the Civil Service Law does not define "assault," but respondent defines "assault" as "an injury sustained during the course of one's employment that occurred as a result of an intentional physical act of violence directed towards an employee by an inmate or parolee."
Here, the facts of the matter are not in dispute. An August 2017 use of force report indicates that petitioner, a correction sergeant, was injured in the course of trying to subdue a combative inmate. Specifically, during a routine strip frisk, a correction officer observed the inmate take "a blue balloon from his underwear" and attempt to swallow it. The officer attempted to prevent the inmate from swallowing the balloon but was pushed away. Additional officers, including petitioner, intervened and attempted to physically restrain the combative inmate, during the course of which petitioner sustained injuries to his neck, back and shoulder. Respondent does not dispute that petitioner was injured during this altercation and, in our view, the inmate's acts against, among other officers, petitioner constituted an "assault," as that term is defined by respondent (see Matter of Roth v New York State Dept. of Corr. & Community Supervision, 65 Misc 3d 1209[A], 2018 NY Slip Op 52000[U], *3-*4 [Sup Ct, Albany County 2018]; compare Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.], 19 AD3d 1058, 1059-1060 [2005], lv denied 5 NY3d 713 [2005]). Accordingly, we believe that respondent's decision lacked a rational basis and was arbitrary and capricious.
Reynolds Fitzgerald, J., concurs.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner's termination from his employment was briefly held in abeyance while his application for disability retirement benefits was under review. We were advised by respondent at oral argument that petitioner's application was denied.

Footnote 2: Petitioner also argues on appeal that respondent should adopt the definition reflected in Penal Law § 120.05 (6). However, petitioner failed to preserve this argument and, even if preserved, we would likewise reject it.