Matter of Dunson v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 06429)





Matter of Dunson v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 06429


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

530137

[*1]In the Matter of Tamiko Dunson et al., Appellants,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for appellants.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered September 23, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner a two-year leave of absence pursuant to Civil Service Law § 71.
Petitioner Tamiko Dunson was employed as a correction sergeant at the Taconic Correctional Facility in Dutchess County. On February 15, 2018, an inmate who was housed at that facility became disruptive and refused to go to her assigned program. Dunson attempted to escort the inmate to the program and, when the inmate resisted, other correction officers responded and provided assistance. A physical altercation ensued and, as Dunson was attempting to restrain the inmate in order to apply handcuffs, she sustained injuries to her right knee, right wrist, right shoulder and lower back.
The day after the incident, Dunson was placed on a medical leave of absence. By letter dated January 17, 2019, respondent advised her that, pursuant to Civil Service Law § 71, her employment would be terminated effective February 16, 2019, as her leave of absence would have exceeded one year by that date. The letter further advised her that she could object to the determination in writing within five business days of the date of the letter. Dunson did not object and her employment was terminated. Thereafter, she and her collective bargaining representative commenced this CPLR article 78 proceeding challenging her termination on the basis that she was entitled to a two-year leave of absence under Civil Service Law § 71. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.
Petitioners contend that Dunson is entitled to the two-year leave of absence provided under Civil Service Law § 71 because she was injured during an assault by an inmate. They assert that respondent's definition of assault, which requires an intentional physical act of violence directed toward the employee by an inmate or parolee, is irrational. Rather, petitioners urge this Court to apply the definition of assault in the second degree that is contained in the Penal Law (see Penal Law § 120.05 [3], [7]).[FN1] However, this Court specifically declined do so in Matter of Froehlich v New York State Dept. of Corr. & Community Supervision (179 AD3d 1408, 1409 [2020], appeal dismissed 35 NY3d 1031 [2020]). Significantly, in Froehlich, we noted that the definition contained in Penal Law § 120.5 (3) should not be applied because to do so "would too broadly expand the scope of employees entitled to the enhanced benefit" (Matter of Froehlich v New York State Dept. of Corr. & Community Supervision, 179 AD3d at 1410). The same reasoning applies with respect to the definition contained in Penal Law § 120.5 (7). Here, although there is evidence that the inmate intentionally struck another correction officer during the course of the physical altercation, there is no indication that the inmate intended to assault Dunson. Under the facts presented, respondent could reasonably conclude that Dunson's injuries did not result from an assault by an inmate and deny her a two-year leave of absence under Civil Service Law § 71. Therefore, we find that respondent's determination was not arbitrary, capricious or irrational (see generally Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.], 19 AD3d 1058, 1059-1060 [2005], lv denied 5 NY3d 713 [2005]). To the extent that petitioners also challenge respondent's requirement that Dunson object to her termination letter within five business days of receipt, we note that she was not aggrieved by this requirement as she never filed a written objection (see generally Matter of Acevedo v New York State Dept. of Motor Vehicles, 29 NY3d 202, 218-219 [2017]).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioners rely upon two provisions of the Penal Law defining assault in the second degree. The first, Penal Law § 120.05 (3), provides that "[a] person is guilty of assault in the second degree when[,] . . . [w]ith intent to prevent a peace officer . . . from performing a lawful duty, . . . he or she causes physical injury to such peace officer." The second, Penal Law § 120.05 (7), provides that a person confined in a correctional facility is guilty of assault in the second degree when, "with intent to cause physical injury to another person, he [or she] causes such injury to such person or to a third person."