Matter of Maloy v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 06830)





Matter of Maloy v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 06830


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

529427

[*1]In the Matter of Robert Maloy, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for appellant.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Koweek, J.), entered May 22, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination denying petitioner a two-year leave of absence pursuant to Civil Service Law § 71.
Petitioner worked as a correction officer at Five Points Correctional Facility. On October 25, 2017, an inmate who was housed in that facility set fire to his cell. When petitioner and other officers attempted to enter the cell to extinguish the fire, the inmate impeded their entry and became combative. The officers used force to enter the cell and the inmate was eventually placed in mechanical restraints. During the altercation, petitioner sustained injuries to both wrists, his left hand and his right knee, and suffered from smoke inhalation.
As a result of his injuries, petitioner filed a claim for workers' compensation benefits and took a leave of absence of over a year. In October 2018, he was notified that, pursuant to Civil Service Law § 71, his employment was being terminated effective November 1, 2018. Petitioner objected and maintained that he was entitled to a two-year leave of absence under Civil Service Law § 71 because he had been injured during an inmate assault. His termination date was extended to December 1, 2018, but his employment was terminated shortly thereafter. Petitioner commenced this CPLR article 78 proceeding challenging the determination denying him a two-year leave of absence. Following joinder of issue, Supreme Court dismissed the petition, finding that the determination was not arbitrary, capricious or irrational. Petitioner appeals.
Initially, Civil Service Law § 71 states, in relevant part, that "[w]here an employee has been separated from the service by reason of a disability resulting from occupational injury or disease as defined in the [Workers'] [C]ompensation [L]aw, he or she shall be entitled to a leave of absence for at least one year." The statute further provides that, "[n]otwithstanding the foregoing, where an employee has been separated from the service by reason of a disability resulting from an assault sustained in the course of his or her employment, he or she shall be entitled to a leave of absence for at least two years" (Civil Service Law § 71). Petitioner asserts that the latter provision is applicable as he was injured during an assault by an inmate. As Civil Service Law § 71 does not define the term "assault," petitioner contends that the definition contained in Penal Law § 120.05 (3) for assault in the second degree should be adopted here. Under that definition, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to prevent a peace officer . . . from performing a lawful duty, . . . he or she causes physical injury to such peace officer" (Penal Law § 120.05 [3]).
This Court's recent decision in Matter of Froehlich v New York State Dept. of Corr. & Community Supervision (179 AD3d 1408, 1410 [2020], appeal dismissed 35 NY3d 1031 [2020]) is dispositive of the issue. Like petitioner, the petitioner in Froehlich was a correction employee who was injured during an altercation with an unruly inmate. As in this case, respondent defined an assault as "an intentional physical act of violence directed toward[] an employee by an inmate or parolee" (id. at 1410 [internal quotation marks omitted]). The petitioner in Froehlich asserted that the Penal Law definition of assault in the second degree, which requires only an intent to prevent a peace officer from performing his or her duty (see Penal Law § 120.05 [3]), should be applied. We rejected that argument, finding that "application of the Penal Law definition would too broadly expand the scope of employees entitled to the enhanced benefit" (Matter of Froehlich v New York State Dept. of Corr. & Community Supervision, 179 AD3d at 1410). Thus, we upheld the determination that the petitioner was not entitled to a two-year leave of absence because his injuries were not the result of an assault sustained during the course of employment (id.). In view of our decision in Froehlich, and absent any indication that the inmate here intended to inflict physical injuries on petitioner, we find that respondent's determination was not arbitrary, capricious or irrational (see generally Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.], 19 AD3d 1058, 1059-1060 [2005], lv denied 5 NY3d 713 [2005]). Therefore, Supreme Court properly dismissed the petition.
Egan Jr., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.