Matter of Jennings v New York State Dept. of Corr. & Community Supervision (2021 NY Slip Op 01818)





Matter of Jennings v New York State Dept. of Corr. & Community Supervision


2021 NY Slip Op 01818


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

530469

[*1]In the Matter of Theresa Jennings, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Lippes Mathias Wexler Friedman LLP, Albany (Erin N. Parker of counsel), for appellant.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered October 30, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner a two-year leave of absence pursuant to Civil Service Law § 71.
Petitioner was employed as a correction officer at the Taconic Correctional Facility. On February 15, 2018, petitioner and another correction officer responded to a call to escort an inmate. Upon the officers' arrival, the inmate allegedly refused to be restrained. The inmate became combative and struck the other officer in the face. During her attempts to restrain the inmate, petitioner fell to the floor and sustained injuries to her left knee, left hip, right knee, right hip and back. Petitioner was able to work for a few days after the incident; however, on February 26, 2018, she did not report to work, was placed on workers' compensation leave and has remained continuously out of work.
In January 2019, respondent notified petitioner that her employment would be terminated effective February 26, 2019, as her absence from employment at that point would have exceeded one cumulative year. Petitioner objected to the termination and requested that she be granted a two-year leave of absence based on the inmate's assaultive behavior. Respondent declined to rescind its decision and terminated petitioner. In May 2019, petitioner commenced this CPLR article 78 proceeding, arguing that she is statutorily entitled to a two-year leave of absence pursuant to Civil Service Law § 71 because the inmate assaulted her. Petitioner appeals.
Civil Service Law § 71 provides that an employee who "has been separated from the service by reason of a disability resulting from an assault sustained in the course of his or her employment . . . shall be entitled to a leave of absence for at least two years." Respondent defines assault as "an intentional physical act of violence directed towards an employee by an inmate or parolee." Petitioner argues that respondent's interpretation of the term assault is irrational, as too restrictive, and instead seeks to apply the definitions of assault set forth in Penal Law §§ 120.00 (1) and 120.05 (1), (3) and (7). This Court has previously held that respondent's definition of assault is rational, and has declined to apply the definition of assault found in the Penal Law to these matters as it "would too broadly expand the scope of employees entitled to the enhanced benefit" (Matter of Dunson v New York State Dept. of Corr. & Community Supervision, 188 AD3d 1390, 1392 [2020] [internal quotation marks and citation omitted]; see Matter of Maloy v New York State Dept. of Corr. & Community Supervision, 188 AD3d 1428, 1429 [2020]; Matter of Froelich v New York State Dept. of Corr. & Community Supervision, 179 AD3d 1408, 1410 [2020], appeal dismissed 35 NY3d 1031 [2020]).
As Supreme Court's determination was made without [*2]a hearing, this Court's review is limited to whether respondent's determination was "arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion" (Matter of Buffalo Teachers Fedn., Inc. v Elia, 162 AD3d 1169, 1172 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 915 [2019]; see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Olympic Regional Dev. Auth., 163 AD3d 1110, 1112 [2018]). As always, determinations of this sort are very fact specific. Here, the record reveals that petitioner was injured while attempting to restrain the inmate. Although the record demonstrates that the inmate was combative and struck another correction officer, there is no indication that petitioner's injury resulted from the inmate's "intentional physical act of violence directed towards [her]" (cf. Matter of Morales v New York State Dept. of Corr. & Community Supervision, ___ AD3d ___, 2021 NY Slip Op 01459 [2021]). Under the facts presented, we find that respondent's determination was not arbitrary and capricious or irrational (see Matter of Maloy v New York State Dept. of Corr. & Community Supervision, 188 AD3d at 1429; Matter of Dunson v New York State Dept. of Corr. & Community Supervision, 188 AD3d at 1392; Matter of Froelich v New York State Dept. of Corr. & Community Supervision, 179 AD3d at 1411).
Petitioner's remaining contention has been rendered academic.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.