Matter of Dalotto v New York State Dept. of Labor (2021 NY Slip Op 03637)





Matter of Dalotto v New York State Dept. of Labor


2021 NY Slip Op 03637


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

530347
[*1]In the Matter of Ruthanne Dalotto, Appellant,
v
New York State Department of Labor et al., Respondents.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

John D. Svare, General Counsel, Public Employees Federation, AFL-CIO, Albany (Darien J. Smith of counsel), for appellant.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 8, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Labor terminating petitioner's employment.
Petitioner, who was employed by respondent Department of Labor (hereinafter the Department), suffered a work-related injury in January 2017 and was placed on workers' compensation leave as of April 2017. Throughout the following year, petitioner regularly submitted medical documentation supporting her assertion that she was unfit to return to her employment. By way of letter dated August 3, 2018,[FN1] the Department notified petitioner that, because she had been absent for one cumulative year (see Civil Service Law § 71), her leave would expire and she would be terminated from her position as of September 11, 2018. The Department advised petitioner that she could apply for restoration to duty if she was medically fit (see 4 NYCRR 5.9 [c]), and that she would be required to submit to a medical examination conducted by a state doctor to determine her fitness. Petitioner immediately requested that the Department schedule a state medical examination to determine her fitness to return to her duties (see 4 NYCRR 5.9 [d] [1]). The Department directed petitioner to submit medical documentation clearing her to return to work before an examination was scheduled. Instead of submitting same, petitioner bypassed the Department and scheduled the medical examination on her own. Upon learning of this, the Department cancelled the appointment. As petitioner steadfastly declined to submit the requested medical documentation, her employment was terminated.
Petitioner commenced this CPLR article 78 proceeding alleging that the Department violated the Civil Service Law and its regulations, her termination was arbitrary and capricious and her due process rights were violated. Respondents answered and sought dismissal of the petition. Supreme Court dismissed the petition finding that it was not unreasonable, irrational or arbitrary for the Department to request certain medical information prior to making its preliminary determination as to petitioner's medical fitness to perform the duties of her position and further that petitioner failed to demonstrate that the Department's request for medical documentation was an error of law. Petitioner appeals.
Petitioner contends that 4 NYCRR 5.9 required the Department to either return her to duty or schedule a medical examination, and its determination to terminate her was arbitrary and capricious and contrary to law. 4 NYCRR 5.9 (d) (1) applies to an employee seeking restoration to duty from workers' compensation leave and provides that, "[u]pon request by the employee, the appointing authority, if satisfied that the employee is medically fit to perform the duties of the position, shall restore the employee to duty. If not satisfied [*2]that the employee is medically fit to perform the duties of the position, the appointing authority shall require the employee to undergo a medical examination, by a physician designated by the appointing authority, before the employee may be restored to duty." As petitioner is challenging an "administrative determination made where a hearing is not required, appellate review is limited to whether the determination lacks a rational basis and is, thus, arbitrary and capricious" (Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 151 AD3d 1532, 1534 [2017] [internal quotation marks and citation omitted], affd 33 NY3d 131 [2019]). "If the agency's determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (Matter of Fuller v New York State Dept. of Health, 127 AD3d 1447, 1448 [2015] [internal quotation marks, brackets and citation omitted]). "Moreover, the administrative agency is entitled to great deference in its determination" (Matter of Froehlich v New York State Dept. of Corr. & Community Supervision, 179 AD3d 1408, 1409 [2020] [citation omitted], appeal dismissed 35 NY3d 1031 [2020]).
Petitioner contends that 4 NYCRR 5.9 places no duty upon her to submit medical documentation in order to return to work. She argues that she need only make her request and that, in and of itself, places a duty upon the Department to schedule a medical examination to determine her fitness. We do not agree. 4 NYCRR 5.9 (c) (2) provides that the employee has a "right to apply to the appointing authority pursuant to subdivision (d) of this section for reinstatement to duty if medically fit" (emphasis added). As the regulation clearly requires that petitioner must be medically fit prior to requesting restoration to her duties, there must be a medical basis substantiating her fitness. The Department's purported basis for requiring medical documentation is to protect employees who may otherwise return to work against their physicians' advice, provide the Department's doctors with up-to-date information, and serve as a filter to prevent its doctors from spending time and limited resources on baseless applications. The requirement that petitioner initially produce medical documentation showing she is medically fit to return to work prior to scheduling a medical examination promotes an efficient procedure, in a fiscally sound manner, that is rationally related to the Department's interest in returning only medically fit employees to their duties (see Matter of Allen v Howe, 84 NY2d 665, 672 [1994]). Based on the record, petitioner never asserted that she was medically fit to perform her duties prior to her termination,[FN2] and, in fact, the only medical documentation consistently presented to the Department for over one year was statements from her own physician attesting that she was unable to return to work. Therefore, we find that the Department's determination was not arbitrary and [*3]capricious or irrational (see Matter of Maloy v New York State Dept. of Corr. & Community Supervision, 188 AD3d 1428, 1429 [2020]; Matter of Dunson v New York State Dept. of Corr. & Community Supervision, 188 AD3d 1390, 1392 [2020]).
Petitioner next contends that the Department's failure to provide her with a medical examination violated her due process rights. The Court of Appeals has determined that due process in the context of pretermination procedural formalities "requires only notice and some opportunity to respond" (Matter of Prue v Hunt, 78 NY2d 364, 369 [1991]). When the Court of Appeals was asked what type of process is due at the pretermination stage, it determined that the petitioner need only be given "a sufficient explanation of the grounds for the discharge and an opportunity to respond" (Matter of Hurwitz v Perales, 81 NY2d 182, 187 [1993] [internal quotation marks, brackets and citation omitted], cert denied 510 US 992 [1993]). The record reveals that petitioner received a pretermination notice that set forth the reasons she was being terminated, explained that she could apply for reinstatement if medically fit, requested her to produce medical documentation showing that she was fit and informed her that she was entitled to a pretermination meeting. Petitioner's due process rights were satisfied as she was provided an explanation of the grounds for discharge and given an opportunity to respond prior to her actual termination. Petitioner did in fact participate in a pretermination meeting. Some months after that meeting, petitioner elected not to comply with the Department's request to provide medical documentation. Based on the foregoing, petitioner's due process rights were not violated (see id. at 187-188; Matter of Prue v Hunt, 78 NY2d at 370).
Finally, petitioner argues that Supreme Court improperly considered her confidential medical documentation. In her verified petition, petitioner asserts that she twice requested reasonable accommodation from the Department. In the answer, respondents attached, as the record before the Department, copies of petitioner's reasonable accommodation requests and the medical documentation she submitted in support of her requests. Petitioner objected to the inclusion of the documents as irrelevant and that the submission was done with an improper motivation. Petitioner's allegations are conclusory and baseless. Additionally, it does not appear that Supreme Court relied upon the medical records. Petitioner's remaining argument has been examined and found to be lacking in merit.
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Due to reasons not relevant to this appeal, petitioner's case was stayed for a matter of months, resulting in the issuance of this notice, as well as the termination date, being more than one year from the effective date of petitioner's leave.

Footnote 2: The record contains written correspondence by Edward Bradley, a field representative for petitioner's union, requesting a pretermination meeting on behalf of petitioner that includes a conditional statement that petitioner is able to perform her duties at a location other than her workplace.